UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTORIA L. REYES, | No. 2:14-cv-2742 KJM AC |
| Plaintiff, | |
| v. | ORDER |
| RADCLIFF, BADGE # 224, | |
| Defendant. | |

Plaintiff, proceeding in this action pro se, has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302(c)(21).

Plaintiff has submitted the affidavit required by § 1915(a) showing that she is unable to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

The federal in forma pauperis statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an

1

1  indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,
2  490 U.S. at 327.

3  A complaint, or portion thereof, should only be dismissed for failure to state a claim upon
4  which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in
5  support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467
6  U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt
7  Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under
8  this standard, the court must accept as true the allegations of the complaint in question, Hospital
9  Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light
10  most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v.
11  McKeithen, 395 U.S. 411, 421 (1969).

12  As best the court can tell, the complaint alleges that: a "Jose Reyes, Jr." was arrested "at
13  the park" and a conversation ensued; there is a black Scottish Terrier dog that has a chip but is in
14  need of a license; plaintiff received the dog as a gift and it is very well trained; and the defendant
15  threatened to take the dog away.

16  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair
17  notice of what the defendant did wrong to plaintiff, what relief plaintiff wants from the defendant,
18  and why the case belongs in federal court. See Federal Rules of Civil Procedure ("Fed. R.
19  Civ. P.") 8; Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff
20  must allege with at least some degree of particularity overt acts which defendants engaged in that
21  support plaintiff's claim. Id. The complaint here fails to do so, and so it must be dismissed. The
22  court will, however, grant plaintiff permission to file an amended complaint.

23  If plaintiff chooses to amend the complaint, she must set forth the jurisdictional grounds
24  upon which the court's jurisdiction depends, that is, she must say why this is a federal case. Fed.
25  R. Civ. P. 8(a). If plaintiff is alleging a violation of her own federal rights under 42 U.S.C.
26  § 1983, she must demonstrate how the conduct complained of has resulted in a deprivation of
27  those rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in
28  specific terms how each named defendant is involved. There can be no liability under § 1983

1  unless there is some affirmative link between a defendant's actions and the claimed deprivation.

2  Rizzo v. Goode, 423 U.S. 362 (9176); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980);

3  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

4  In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

5  make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

6  complaint be complete in itself without reference to any prior pleading.  This is because, as a

7  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

8  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

9  longer serves any function in the case.  Therefore, in an amended complaint, as in an original

10  complaint, each claim and the involvement of each defendant must be sufficiently alleged.

11  In accordance with the above, IT IS HEREBY ORDERED that:

12  1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) is GRANTED;

13  2. Plaintiff's complaint is DISMISSED; and

14  3 Plaintiff is granted thirty days from the date of this order to file an amended complaint

15  that complies with the requirements of the Federal Rules of Civil Procedure, and the Local Rules

16  of Practice; the amended complaint must bear the docket number assigned this case and must be

17  labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended

18  complaint; failure to file an amended complaint in accordance with this order will result in a

19  recommendation that this action be dismissed.

20  DATED: June 22, 2015

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE